*IN RE* ESTATE OF CHARLES BRENIG, DECEASED.

EXCEPTIONS FROM MR. JUSTICE BICKERTON, DISMISSING THE
APPEAL.

SPECIAL TERM, MARCH, 1889.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ. DOLE, J.,
did not sit, being Executor named in Decedent's Will.

The method of bringing up a decision of the Supreme Court in term
is by Bill of Exceptions and not by Appeal.

Appeals from a Probate Court should go on to the calendar of cases
without a jury, and on appellant's motion that the case be tried
by a jury and his showing that he had complied with the statute
in all respects, his motion will be granted and the case ordered to
the calendar of jury cases for trial.

If an issue is made in the Probate Court by a contestant, it is not
essential to the appeal that he produce his proofs in support in
the Probate Court.

The affidavit of value of the estate involved is a condition of the
allowance of the motion for trial by jury, and the time for filing it
is limited to ten days from the date of the decision appealed from.

It is essential to the allowance of a motion for a trial by jury of an
issue of fact in a Probate case on appeal, that a claim to the estate
be made in the Probate Court.

OPINION OF THE COURT, BY JUDD, C.J.

A petition for probate of the will of Charles Brenig, deceased,
was filed by S. B. Dole, the Executor named, on the 5th
October, 1888. At the hearing Mr. V. V. Ashford appeared for
the widow, Mrs. Kenahu Brenig, and Messrs. A. Rosa and C. L.
Carter appeared for Samuel Maikai, claiming to be next of kin
to the son of decedent. Both these parties filed appearances
contesting the validity of the will on the ground that the maker
thereof was not of sound and disposing mind.

At the hearing the witnesses were examined by proponent's
counsel, and cross-examined by contestants' counsel. But the

contestants offered no evidence tending to support their claim that the testator was of unsound mind. The Court admitted the will to probate, whereupon both contestants noted an appeal to a jury, and the case went on to the January calendar. On the fourth day of the term counsel for the proponent of the will moved the Court (Mr. Justice Bickerton) to dismiss the appeal on the grounds—(1) that no issue of fact was made by appellant, nor was any tried before the Justice admitting the will to probate upon which an appeal could be taken; (2) that no affidavit has been filed by appellant showing that the estate exceeds the value of five hundred dollars; (3) that no notice of appeal has been filed by appellant as provided by Rule 4; (4) that appellant does not show nor allege that she is an heir-at-law of the decedent, and that the appellant did not claim, and does not now claim, before the Probate Court such estate or any part thereof, or any interest therein, by virtue of any will or testamentary devise, or by virtue of the statute of descent of property in this Kingdom, and that no issue of fact on such claim was made by the appellant before said Probate Court; (5) that no issue of fact has been certified to this Court by the Probate Court as being an issue, or upon which any judgment was rendered by such Probate Court. On the 23d January the Court rendered judgment dismissing the appeal. At this hearing the widow changed her counsel, dismissing Mr. Ashford and retaining Mr. Rosa, who excepted to the ruling of the Court granting proponent's motion to dismiss.

## By the Court.

We held at the argument on the 18th March that a bill of exceptions, and not an appeal, was the proper method of bringing up this matter to the Full Court. There was a judgment of the Court in regular session made in the progress of the proceedings, and by force of Section 836 of the Civil Code an exception and not an appeal would lie to this.

The statute upon which the appeal to a jury from a Probate Court is founded is as follows: Act of 1864, Compiled Laws,

page 394, Section 1, "That from and after the date of the passage of this Act, whenever the value of the estate of any deceased person shall exceed five hundred dollars, any person claiming before any Judge, sitting as a Court of Probate, such estate or any part thereof, or any interest therein, by virtue of any will or testamentary devise, or by virtue of the statutes of descent of property in this kingdom, who may deem himself aggrieved by the decision of such Probate Judge at Chambers, may, upon taking his appeal to the Circuit Court or Supreme Court, if any matter of fact is in issue, move the Appellate Court that the issue of fact may be tried by a jury, and his motion shall not be denied."

We think the proper course should be that such appeals should first be placed on the calendar of cases without a jury, and the appellant's motion being made that the issue of fact be tried by a jury, and upon his showing that he had complied with the statute in all respects, his motion would be granted, and the case would be ordered to the calendar of jury cases for trial.

We now take up the grounds upon which the appeal was dismissed : (1) "That no issue of fact was made by appellant, nor anything tried before the Justice admitting the will to probate upon which an appeal could be taken." It was urged by proponent's counsel that as the contestant offered no evidence to show that the decedent was of unsound mind when he made the alleged will, there was no issue between her and the proponent, and she could not be said to have been "aggrieved by the decision" admitting the will to .probate. But this issue was made by the appearance of the widow contestant, in which she contests the probate on the ground that the maker of the will was not of sound mind. There may be an issue joined, though the contestant produces no evidence in support of his side of it. A contesting party having made his issue can reserve his proofs for the jury trial.

We do not think this good ground for dismissing the appeal.

The second ground is, that no affidavit of value of the estate was filed. But as we have seen, it does not appear that the

contestant would not have filed the affidavit of value on presenting the motion to have the issue tried by a jury.

The objection seems to us to be premature. The statute does not require that proof that the estate exceeds the value of $500 should be made within ten days after the decision of the Probate Court, nor on the first day of the term, nor at any particular time. It only requires that this shall be made certain as a condition of allowing the issue to go to a jury.

The third ground was not urged by proponent's counsel.

The fourth ground of dismissing the appeal we hold good. The widow, in her appearance to contest, did not claim the estate or any part of it by virtue of the will. The will devises the decedent's property to certain persons "over and above the interest of my wife Kenahu by way of dower in the whole of my estate." The widow's dower is a statutory interest, and incapable of being defeated by the husband's will. The will merely recognizes the right of dower which the widow would have were her husband testate or intestate.

Nor does the widow contestant show that she claims the estate or any part of it by virtue of the statutes of descent. She does not allege or show that she is a statutory heir of decedent. She does not claim that, if the will should fail (on her succeeding on the trial of the issue of the sanity of the testator) she would inherit, by virtue of the statutes of descent, the whole or any part of or interest in the estates. The will mentions a child, and excludes him from all participation in the estate. To enable the widow to inherit as an heir, the decedent must have died without issue. This she did not allege nor prove.

We held in *Re Estate of Bernice Pauahi Bishop*, 5 Hawn., 289, that "the person desiring to appeal against the decision of the Probate Court, admitting the will to probate, must claim and prove, *prima facie* at least, that he is an heir-at-law of the decedent and would inherit the property involved, or some interest in it, if the will should finally be refused probate."

We wish to emphasize the requirements of the statute that the claim to the estate must be made before the Court of Pro-

bate. If not made in that Court, we do not see that it can be made thereafter. It was not made in this estate before the Probate Court, and although, as intimated, the motion to dismiss appears to have been made prematurely so far as this objection is concerned, the omission to claim the estate in the Probate Court would be fatal, whenever the contestant moved the issue to a jury.

We pass by the fifth ground, with the remark that if the statute has been complied with in making an issue by a legal claimant of the estate, it is not necessary that the Probate Court shall certify to it.

Having found that the fourth ground for dismissing the appeal is good, the judgment of the Court in dismissing the appeal to a jury is sustained, and the exceptions are overruled.

*C. Brown* and *A. S. Hartwell*, for proponent.

*A. Rosa*, for contestant.