*A. S. Hartwell,* for plaintiff.

*Carter & Kinney,* for defendants.

---

IN THE MATTER OF THE ESTATE OF THOMAS NEWELL, Deceased.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.·

SUBMITTED JULY 3, 1895.          DECIDED JULY 12, 1895.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE COOPER, IN PLACE OF BICKERTON, J., ABSENT BECAUSE OF ILLNESS.

An unattested holographic will, valid by the laws of a foreign state in which the testator was domiciled at the time of his death, may be admitted to ancillary probate here, notwithstanding Section 1465 of the Civil Code.

Such ancillary probate may be allowed here after the expiration of five years from the death of the testator, notwithstanding Section 1474 of the Civil Code.

OPINION OF THE COURT BY FREAR, J.

On June 3, 1868, the decedent executed an unattested will wholly in his own handwriting. On September 5, 1883, he died in San Francisco, California, being then domiciled there. On September 28, 1883, the will was admitted to probate in the Superior Court, Department 9, for the city and county of

San Francisco, a court of record of general probate jurisdiction. On April 12, 1895, the petitioner herein applied to a Circuit Judge of the First Circuit for admission of the will to probate here upon an authenticated copy of the record of the probate court of San Francisco, and for ancillary letters of administration with the will annexed, the object being to qualify the petitioner to bring an action here to recover the unpaid balance of a judgment obtained by the decedent prior to his death in California against one now residing in these islands. The Circuit Judge found that the will was not entitled to probate under our statutes, and this appeal from his order is based solely on the following questions of law:

First, may an unattested holographic will valid by the laws of a foreign state, where the testator was domiciled at the time of his death, be admitted to probate here, for the purpose of operating upon personal property, notwithstanding the provision of our statute (Civ. Code, Sec. 1465) that "No will * * * shall be valid, unless * * * attested by two or more competent witnesses subscribing their names to the will?"

Personal property follows the person (*mobilia sequuntur personam*); in other words it is regarded in law as being in the place of its owner's domicile, wherever it may be in fact. The validity of a will, therefore, with reference to personal property, is determined by the *lex domicilii*, and if the will is valid by the law of the place where the testator was domiciled at the time of his death, it is valid everywhere. Story, Conflict of Laws, Secs. 465 *et seq*; *Enohin v. Wylie*, 10 H. L. Cas. 1.

Accordingly, an Austrian unattested holographic will was held admissible to probate in the State of New York, though by the laws of that state two subscribing witnesses were requisite to the validity of a will. *In re Delaplaine*, 45 Hun 225, referred to in 19 Am. & Eng. Enc. 174. And in *Manuel v. Manuel*, 13 Oh. St. 458. a holographic will, void by the laws of Ohio because unattested, but valid by the laws of Louisiana, where it was made, was held invalid in Ohio, solely on the

ground that the testator was at the date of his death domiciled in Ohio, though temporarily resident in Louisiana at the date of his will—the Court conceding that the will would have been valid if the testator had been domiciled in Louisiana at the time of his death.

Secondly, notwithstanding the provision of our statute (Civ. Code, Sec. 1474) that "No written will shall be allowed to be proved after the expiration of five years from the death of the testator" (excepting where a minor is interested in the estate), may a foreign will be admitted to ancillary probate here after the expiration of such period, it having been admitted to original probate in the state of the testator's domicile within that period?

It seems to us that the statute was intended only to limit the time within which original proof might be made, and that it does not apply to cases of ancillary proof.

Ancillary proof, indeed, is not so much proof of the will as proof that the will has already been proved. It consists chiefly in the production of an authenticated copy of the record of a court of competent jurisdiction, and not in the production of witnesses, as in the case of original proof. Its object is not to establish the will, but to furnish the administrator with proper formal evidence of his authority to enforce rights which have already become established under the will elsewhere.

The statute is, no doubt, based on the presumption that if there is a genuine will in existence, those interested will discover it and offer it for probate with reasonable diligence, and is designed to prevent the setting up of documents purporting to be wills at times so remote that it might be impossible to obtain the evidence necessary to show that they were not entitled to probate. This object would be effected by original proof of the will elsewhere as well as here, and would not be furthered by ancillary proof which does not involve the merits of the case.

Again, construing this section of the Code with the other sections relating to wills, as, for instance, Section 1466, in which the same word "proved" is used, it would seem clearly to be

confined to cases of original proof, whether here or elsewhere, if not to cases of original proof here alone, leaving the time for original proof elsewhere unprovided for. Somewhat similar views have been held in other courts, the meaning of the words of the statute being controlled by the probable intention of the legislature as ascertained by considering the words of the statute in connection with other statutory provisions *in pari materia* and the general common law. See *Manuel v. Manuel, supra,* and cases there cited, in which statutes providing for the recording of "wills proved according to the laws of *any* state" were held not to apply to wills which should have been first proved in the state in which the statute was passed. In *Carpenter v. Denoon,* 29 Oh. St. 379, an original probate in Virginia within the time required by the Ohio statute was held sufficient to entitle a will to be recorded afterwards in Ohio.

The order appealed from is reversed and the case remanded to the Circuit Judge for such further proceedings as may be proper.

*P. Neumann,* for petitioner.