IN THE MATTER OF THE ESTATE OF WILLIAM BACLE, OTHERWISE KNOWN AS WILLIAM KEAUMAIKAI BACLE, DECEASED.

No. 1341.

APPEAL FROM CIRCUIT JUDGE FIFTH CIRCUIT. HON. W. C. ACHI, JR., JUDGE.

ARGUED OCTOBER 7, 1921.                    DECIDED OCTOBER 15, 1921.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE DEBOLT IN PLACE OF COKE, C. J., ABSENT.

WILLS—*contest—appeal to supreme court when.*

Where in the contest of a will the circuit judge at chambers sitting as a judge of probate decides as a matter of law that the will is invalid the proponent cannot appeal to the circuit court for a jury trial notwithstanding the contestant may have by his contest put matters of fact in issue which were not considered and may therefore under the provisions of section 2508 R. L. 1915 appeal to the supreme court.

SAME—*legatee as subscribing witness.*

A subscribing witness to a will who is also a legatee is a competent witness to prove its execution but by virtue of section 3262 R. L. 1915 his legacy is void.

OPINION OF THE COURT BY KEMP, J.

The appellant Bella K. Rodrigues filed her petition addressed to the judge of the circuit court of the fifth circuit for the probate of a writing purporting to be the last will and testament of William Bacle, otherwise known as William Keaumaikai Bacle, deceased. In the petition it is alleged that the deceased left an estate consisting of real estate of the value of two thousand dollars and personal estate of the value of one thousand dollars. It is also alleged that the deceased left no wife but it is not stated who the next of kin are. Benjamin K. Kahalepuna is named in said will as executor and the petitioner prays that said will be admitted to probate and letters

testamentary be issued to said Kahalepuna. The will is attested by two witnesses, one of whom is Solomon K. Kaulili. The will provides that the funeral services be conducted by Rev. Solomon K. Kaulili and directs the executor to make a gift to him of $25. Before the hearing Solomon K. Kaulili renounced all interest under the will, the renunciation being in writing and filed. Kawaikini Ainake filed a caveat in which it is alleged that she is the nearest living relative and heir at law of the deceased; that her interest will be injuriously affected by the allowance of said alleged or pretended will; that the writing filed for admission to probate is not the last will and testament of the deceased; that the said writing is not attested by two competent witnesses subscribing their names in the presence of said deceased; that the deceased was not at the time of making said writing of sound and disposing mind or memory and was incapable of making any disposition of his estate or making and executing a valid will; that said paper was procured by fraud, misrepresentation and artifice by persons at this time unknown to her; that said writing was not freely and voluntarily executed or made as the last will and testament of said deceased and the execution thereof and subscription thereto were procured under undue influence and importunities, suggestions and persuasions of persons whose names are unknown to her at this time. She concludes with the prayer that the said writing purporting to be the last will and testament of William Bacle, deceased, may be wholly rejected and disallowed and not admitted to probate.

At the hearing the proponent of the will offered formal proof of its execution and the testamentary capacity of the testator by the testimony of the two subscribing witnesses. It was brought out in the examination of the subscribing witness Solomon K. Kaulili that he is the

same person to whom the will directs the executor to make a present of $25, whereupon counsel for the contestant raised the question of the validity of the will by reason of this fact, it being her contention that Kaulili being a legatee was not a competent subscribing witness and the will was therefore void. Contestant offered no evidence. Upon this state of facts the circuit judge decided that Kaulili was not a competent subscribing witness (within the meaning of section 3260 R. L. 1915) and refused to admit the will to probate. In due time the petitioner Bella K. Rodrigues, and the executor Benjamin K. Kahalepuna perfected an appeal from this ruling to the supreme court. The appellee filed a motion to dismiss the appeal on the grounds, first, that an appeal does not lie from the probate court to the supreme court from an order of the probate court denying the probation of a last will and testament, and second, that the supreme court is without jurisdiction to consider an appeal from a probate court to the supreme court where such appeal is taken from the refusal of the probate court to admit an alleged last will and testament to probate. The motion is based upon the record and what we have already said sufficiently states the facts disclosed by the record.

The motion was presented and argued but we reserved our opinion thereon until a presentation of the appeal on the merits and it is now before us for disposition.

Two sections of our statute are pertinent. They are section 2508 R. L. 1915: "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court, except in cases in which the appellant is entitled to appeal to a jury, * * * " and section 2484: "But whenever the value of the estate of any deceased person shall exceed five hundred dollars, any person claiming, before any judge, sitting as a court

of probate, such estate, or any part thereof, or any interest therein by virtue of any will or testamentary devise, or by virtue of the statutes of descent of property in this Territory, who may deem himself aggrieved by the decision of such probate judge at chambers, may, upon taking his appeal to the circuit court, if any matter of fact is in issue, move the appellate court that the issue of fact may be tried by a jury, and his motion shall not be denied." From these statutory provisions it is clear that all appeals from decisions, judgments, orders or decrees of the circuit judges in chambers are to the supreme court except in cases coming within the exception contained in section 2508. When by the terms of section 2484 the appellant is entitled to move for a trial by a jury the appeal is to the circuit court for a trial by a jury. It is conceded by appellants that all the elements which must be present to entitle them to a jury trial are present in this case except one. That is, they concede that the value of the estate of the deceased exceeds $500; that they are claiming before a circuit judge sitting as a court of probate an interest therein by virtue of a will and that they deem themselves aggrieved by the decision of such probate judge, but they deny that any matter of fact is in issue and therefore contend that they were not entitled to appeal to a jury. The appellee on the other hand contends that matters of fact are in issue and appellants therefore entitled to appeal to a jury thus bringing them within the exception in section 2508. If as contended by appellants no matter of fact is in issue the appeal was properly taken to this court. It is likewise true that if any matter of fact is in issue the appeal should have been to the circuit court for a trial before a jury.

This reduces the question to the simple one of whether or not there is any matter of fact in issue. In *Barth* v.

*Rosenfeld,* 36 Md. 604 at 617, it is said: "An issue is a single, certain and material point, issuing out of the conclusions or pleadings of the plaintiff and defendant." In *New York and Texas Land Co.* v. *Votaw,* 16 Tex. Civ. App. 585, 42 S. W. 138, it is said: "An issue is the question in dispute between the parties to an action and in the courts of this state that is required to be presented by proper pleadings." In *Provident Nat. Bank* v. *Webb,* 128 S. W. (Tex.) 426 at 428, it is said: "We must look to the pleadings, and not to the evidence, to determine the issue; and it can make no difference what the statement of facts shows the issue to be, even though such statement be agreed to by the parties. 'The matter in issue is that upon which the plaintiff's cause of action is based, and which the defendant denies, as shown by the pleadings.' *James* v. *James,* 81 Tex. 380, 16 S. W. 1087. 'An issue is a question, either of fact or of law, raised by the pleadings.' *Riggs* v. *Chapin,* (City Ct.) 7 N. Y. Supp. 767; *Hays* v. *Hays,* 23 Wend. (N. Y.) 370." In *Estate of Brenig,* 7 Haw. 640, the widow of the deceased contested the probate of the will on the ground that the maker was not of sound and disposing mind. At the hearing formal proof of execution and testamentary capacity was offered by the proponent but the contestant offered no evidence tending to support the claim that the testator was of unsound mind. The court admitted the will to probate and the contestant appealed to a jury. The proponent moved to dismiss the appeal on the ground, among others, that no issue of fact was made by the appellant nor was any tried before the justice admitting the will to probate upon which an appeal could be taken. The motion was granted by the circuit court and the appeal dismissed whereupon the contestant brought exceptions to the supreme court. In discussing the question as to whether or not an issue of fact was

made by the appellant the supreme court said: "It was urged by the proponent's counsel that as the contestant offered no evidence to show that the decedent was of unsound mind when he made the alleged will, there was no issue between her and the proponent, and she could not be said to have been 'aggrieved by the decision' admitting the will to probate. But this issue was made by the appearance of the widow contestant, in which she contests the probate on the ground that the maker of the will was not of sound mind. There may be an issue joined though the contestant produced no evidence in support of his side of it. A contesting party having made his issue can reserve his proofs for the jury trial."

From these authorities and others of like import the appellee argues that the issues are determined by the pleadings without regard to the evidence adduced and that where the pleadings put in issue any matter of fact (as they undoubtedly do in this case) the appeal must be to the circuit court for a trial by a jury. The appellants on the other hand argue in effect that since the decision and order of the probate judge are based entirely upon a question of law and involve no disputed question of fact they were not entitled to appeal to a jury and therefore under section 2508 above quoted they are given a right to appeal to this court.

If the only question involved in the appeal is the one upon which the probate judge based his decision we think the appeal was properly taken to this court notwithstanding the statement in *In re Estate of Walters*, 10 Haw. 25, that: "But if the appeal from a circuit judge at chambers be on the validity of a will or on facts touching the descent of property and the estate exceed the value of $500, the appellant is entitled to appeal to a jury (p. 394 Compiled Laws), and by Chap. 109 Laws of 1892, he cannot appeal to the supreme court." The above

quotation is from the syllabus and is somewhat broader than the opinion justifies as it leaves out of consideration the question of whether or not "any matter of fact is in issue." This is perhaps accounted for by the fact that in that case it could not be questioned that matters of fact were in issue since the probate judge had refused probate to the will on the ground that fraud had been practiced in procuring its execution. The court after using language which standing alone supports the syllabus said: "If the proponent wishes to have the case retried upon the facts we know of no way by which it can be done except by appealing to the circuit court of the circuit where the cause arose, at term, where if moved for by proponent a jury would hear it presided over by a judge of some other circuit. Errors of law made at the trial could then come to this court by exception." That the court did not intend to hold that where only questions of law are involved the proponent would be entitled to a trial by a jury is shown by the fact that within two weeks after the decision in the *Walters* case it entertained jurisdiction of an appeal by the proponent of a will direct from the probate judge to the supreme court where the appeal was based solely on the question of law as to whether or not an unattested holographic will valid by the laws of a foreign state, where the testator was domiciled at the time of his death, may be admitted to probate here for the purpose of operating upon personal property, notwithstanding the provisions of our statute that "No will * * * shall be valid unless * * * attested by two or more competent witnesses subscribing their names to the will." (*In re Estate of Newell,* 10 Haw. 80.) It is true that in that case the question of the jurisdiction of this court to hear said appeal was not raised, but coming so close to the decision in the *Walters* case we think it sheds some light upon

what the court intended by the decision in said *Walters*
case. *Pupuka* v. *Maiwela,* 6 Haw. 367, was an action in
ejectment tried before Chief Justice Judd, the author of
the opinion in *Estate of Walters, supra.* In that case
the defendant offered in evidence a paper certified by a
circuit judge of the third judicial circuit to have been
admitted by him to probate as the will of one Kaualii
devising the estate involved to the defendant Maiwela.
It was admitted that the proceedings in the probate court
were regular and that plaintiffs were present in court
as contestants. The paper offered in evidence appeared
to be in the form of an absolute deed from Kaualii to
the defendant Maiwela and counsel for plaintiffs con-
tended that it was void. Counsel for defendants argued
that the probate of this instrument as a will was con-
clusive in every court until revoked and that the plain-
tiffs should have appealed if dissatisfied. In answer to
this plaintiffs asserted that there is no provision in the
law for an appeal to the supreme court in banco from a
circuit judge sitting in probate. Relative to this contro-
versy the chief justice said: "In my opinion Sec. 1007
of the Civil Code allows an appeal from a circuit judge
sitting in chambers as a probate court to the supreme court
in banco, if on a point of law, and by the act of December
31st, 1864, an appeal on the facts may be heard by a jury
in the circuit or supreme court, providing the estate be
of the value of $500."

The statutory provisions affecting the question under
consideration have by reason of repeated amendments
gotten into a very unsatisfactory condition. In fact so
far as we can see it is only by judicial construction of
long standing that a right to appeal to the circuit court
for a jury trial in a case of this character has been pre-
served since the statute expressly creating that right was
amended in 1892 (Ch. 109 S. L. 1892) to read substan-

tially as section 2508 now reads. We have no inclination to overrule or even criticize such a long established precedent, neither are we inclined to further extend the rule by judicial construction. We therefore conclude that where in a case of this character the circuit judge at chambers sitting as a judge of probate decides as a matter of law that a will is invalid the proponent cannot appeal to the circuit court for a jury trial notwithstanding the contestant may have by his contest put matters of fact in issue which were not considered and may therefore under the provisions of section 2508 appeal to the supreme court. It follows that the motion to dismiss the appeal must be overruled.

This brings us to a consideration of the case on its merits. We have already stated sufficiently how the case arose and the question involved. A consideration of the following statutory provisions is necessary: Section 3260 R. L. 1915: "No will shall be valid unless it be in writing * * * and attested by two or more competent witnesses subscribing their names to the will in the presence of the testator." Section 3262: "All beneficial devises, legacies and gifts whatever, made or given in any will to a subscribing witness thereto, shall be void, unless there are two other competent witnesses to the same." Section 2609: "No person offered as a witness shall hereafter be excluded by reason of * * * interest from giving evidence either in person or by deposition, according to the practice of the court, on the trial of any issue joined or of any matter or question, or on any inquiry arising in any suit, action or proceeding in any court, or before any person having by law or by consent of parties authority to hear, receive or examine evidence." Section 3260 above quoted does not define "competent witness" and reference must be made to the general law to construe these words. "The act of 1883 * * * entirely removes all dis-

ability * * * in witnesses from testifying on account of interest; so if Mrs. Bower had any interest it did not disqualify her from attesting the will." (*White* v. *Bower*, 136 Pac. (Col.) 1053, 1054.) "Under the common law * * * this rule of exclusion applied to interested persons offered as witnesses in all actions and not to proof of wills alone." "We think it may be stated as a well-settled proposition of law, and generally recognized, that where there is no express language in the statute disqualifying persons taking an interest under the will from acting as attesting witnesses, and there is an enabling act such as ours, which contains no exception of attesting witnesses, persons taking an interest under the will are competent witnesses to prove its execution." (*Hudson* v. *Flood*, 94 Atl. (Del.) 760, 761, 763.) In *Leitch* v. *Leitch*, 79 Atl. (Md.) 601, it is held that a general statute abolishing interest as a ground of incompetence of witnesses in courts makes such persons competent subscribing witnesses to a will.

On the authority of these cases we hold that section 2609 read in connection with section 3260 prevents the interest of the subscribing witness from disqualifying him as a subscribing witness to the will. If it were not entirely clear from these statutory provisions that interest did not disqualify the witness section 3262 would remove all doubt for it would be an idle thing for the legislature to provide, as it has provided in section 3262, for voiding legacies and gifts made under the will to a subscribing witness thereto if the will itself were void by reason of that fact.

The order of the probate judge is reversed and the cause remanded for further proceedings consistent with this opinion.

*L. A. Dickey (Thompson, Cathcart & Lewis* with him on the brief) for proponent and executor appellants.

*E. J. Botts (W. T. Rawlins* with him on the brief) for contestant appellee.