## IN THE MATTER OF THE ESTATE OF FREDERICK GEORGE EYTON WALKER, DECEASED.

### No. 4038.

ARGUED NOVEMBER 18, 1957.                    DECIDED NOVEMBER 21, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Oral argument was heard on Monday, November 18, 1957, on three motions by or on behalf of Violet May Walker Baker, a party appellee, in appeals from orders of a judge presiding in probate in the circuit court, first circuit, Territory of Hawaii, In the Matter of the Estate of Frederick George Eyton Walker, Deceased. The several motions were heard and considered in chronological order and this decision will dispose of all of them accordingly and *seriatim,* as hereinafter.

First was the "MOTION TO DISMISS APPEAL BY CO-ADMINISTRATOR CHARLES DUNBAR WALKER AND BY ALBERT F. LEE."

This Court finds that neither Charles Dunbar Walker nor Albert F. Lee could properly be parties appellant in any fiduciary capacity. The motion to dismiss their appeal is therefore allowed and their said appeal is hereby dismissed.

Second was the "MOTION TO STRIKE MATTER FROM RECORD," to wit, memoranda designated as items numbered 17, 18, 19 and 21 in the Amended Designation of Record on Appeal (Rec. 251-252), filed by appellants and which would, if not stricken, be a part of the record in the appeal of Charles Dunbar Walker in his private capacity. This Court will not consider memoranda filed in the trial court, in the nature of briefs, such as were those referred to.

It is the decision of this Court that the said memoranda should be, they hereby are, stricken from the record herein.

Third is the "MOTION TO STRIKE OPENING BRIEF OF APPELLANTS." This last mentioned and considered motion is, in the opinion of this Court, well founded and is sustained on grounds "A, B, E, and F" thereof and upon such grounds the motion is allowed and the said brief is hereby stricken. However, leave is granted to the appellant Charles Dunbar Walker, in his personal and non-fiduciary capacity to file a new opening brief; provided, that such new opening brief shall in all respects adhere and conform to the rules of this Court, particularly, but without limitation of generality, Rule 3 and Rule 8 (a), (d), (e), (f) and (g).

A further proviso and condition to the leave granted for the filing of a new opening brief as aforesaid is that such a brief shall not allege as facts any matters unsup-

ported by evidence in the above expurgated record or in a transcript of evidence which was before the court appealed from.

The time for filing any new brief as aforesaid is limited to fifteen (15) days next succeeding the date hereof and appellee shall have thirty (30) days after receipt of a copy thereof for the filing of an answering brief. Appellant shall have ten (10) days after receipt of appellee's answering brief within which to file a thereto reply brief.

*Clinton R. Ashford* (*Stephenson & Ashford*) for *Violet May Walker Baker,* co-petitioner-appellee, for each of the motions.

*Nicholas W. Y. Char* (*Clifton H. Tracy* co-counsel, not present) for *Charles Dunbar Walker,* co-administrator-appellant.

*Arthur H. Spitzer* for *Cooke Trust Co., Ltd.,* co-administrator-appellee.