IN THE MATTER OF THE ESTATE OF FREDERICK
GEORGE EYTON WALKER, DECEASED.

No. 4038.

ARGUED JANUARY 29, 1959.                DECIDED JUNE 10, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

Frederick George Eyton Walker, a resident of Honolulu, died in 1953, leaving a will executed in 1915, in which he bequeathed $1.00 each to his father, mother, brother Charles and daughter Violet, and devised and bequeathed the residuary estate to his brother Henry, his heirs and assigns. He was unmarried at the time of his death. The parents predeceased Frederick and so did Henry. The circuit judge at chambers presiding in probate, here-after referred to as the probate court, admitted Frederick's will to probate and appointed Cooke Trust Company, Limited, and Charles as coadministrators with will annexed.

Upon performing all of the duties required of them by law, with the exception of the final distribution of the estate, the co-administrators sought the direction of the probate court as to the person to whom the residuary estate should be distributed. The court ordered the distribution of such estate to Violet. Thereupon, Charles moved in the probate court for a jury trial of the issue as to whether Violet is the daughter of the blood of Frederick. The court denied the motion. Charles then appealed to this court from the order of distribution, as well as from the denial of a jury trial.

Charles appealed to this court as coadministrator of Frederick's estate, as Henry's devisee and legatee, and as beneficiary of Henry's trust estate. We previously ruled that Charles may not appeal as coadministrator of Frederick's estate. (*Estate of Walker,* 42 Haw. 220.) We assume that the reason Charles appealed as Henry's devisee and legatee and as beneficiary of Henry's trust estate is that he had not raised the issue of Violet's identity or legitimacy as Frederick's child before the filing of the order of distribution and that he was not in a position to claim Frederick's residuary estate as his heir.

Our short answer to the appeal from the denial of a jury trial is that in this jurisdiction the probate court has no authority to grant a jury trial. Under R.L.H. 1955, § 317-2, any claimant, under a will or under the statutes relating to intestate succession, of an estate of a deceased person of the value or more than $500, who deems himself aggrieved by the decision of the probate court "may, upon taking his appeal to the circuit court, if any matter of fact is in issue, move the appellate court that the issue of fact may be tried by a jury," and such motion may not be denied. The

appellate court referred to in the quoted provision is the circuit court. The probate court and the circuit court are not one and the same. A motion for a jury trial must be made not in the probate court but in the circuit court after an appeal has been taken there. (*Estate of Brenig,* 7 Haw. 640.) The procedure set forth in R.L.H. 1955, § 208-3, applies to appeals from the probate court to the circuit court. (*Estate of Lazarus,* 11 Haw. 379; *Estate of Bacle,* 26 Haw. 186.) That procedure has not been superseded by Hawaii Rules of Civil Procedure. The rules do not apply to probate proceedings except in the particulars mentioned in rules 81(c), (g), (h) and (i). Appeals from the probate court to the circuit court are not covered by the exceptions.

On the appeal from the order of distribution, Charles' principal contention, and the only one that is properly before us, is that he is entitled to take the residuary estate through Henry because the words "heirs and assigns," as used in Frederick's gift of his residuary estate to Henry, his heirs and assigns, are words of substitution, not of limitation, and consequently the gift did not lapse but went to Henry's heirs and assigns when Henry predeceased Frederick.

The exact language of Frederick's will with reference to the residuary estate is, "I give, devise and bequeath unto my brother, Henry Edwin Walker, all of the rest, residue and balance of my property real, personal and mixed, and wheresoever situated, unto him, the said Henry Edwin Walker, his heirs and assigns forever."

Unless there is an indication to the contrary in the will, the words "heirs and assigns" are words of limitation and not of substitution where they follow the name of the devisee or legatee, separated by a comma, as in the gift to Henry, his heirs and assigns. (4 Page on Wills, Lifetime Ed., § 1420; 57 Am. Jur., *Wills,* § 1430; 95 C.J.S., *Wills,* § 681.) The rule is aptly stated in American Jurisprudence, *supra,* as follows:

"Although the common-law rule that words of inheritance are necessary to create an estate in fee by will is not generally recognized today, the doctrine, established when such rule was still operative, that the words 'and his heirs' (sometimes with the conjunction omitted, as in a gift 'to A, his heirs and assigns')

are to be regarded merely as words of limitation and not words of substitution when employed in a testamentary gift to a designated individual and hence must be regarded as not preventing a lapse of the gift upon the death of the donee in the testator's lifetime, unless an intention to make a substitution can be gathered from other language of the will, is well established in modern jurisprudence. Correlation of the word 'assigns' with the word 'heirs' in this connection is regarded as fortifying the conclusion that 'heirs' is to be construed as a word of limitation when so used, and the normal preference for a construction which will avoid a partial intestacy will not influence application of the rule in question."

Of the many authorities enunciating the rule, particular mention may be made of *Loveren* v. *Donaldson,* 69 N.H. 639, 45 Atl. 715, which involved the construction of a testamentary language practically identical with the testamentary language in this case. The language in question was as follows: "All the rest, residue and remainder of my estate, real, personal, and mixed, wherever situate and however constituted at the time of my decease, I give, bequeath, and devise to my wife, Angeline G. Morrill, to have and to hold the same to her, the said Angeline G. Morrill, her heirs and assigns, forever." In holding that the gift lapsed when the wife predeceased the testator and the residuary estate went to the testator's heirs, the court stated:

"It is a general rule that a devise or bequest to one who dies before the testator lapses and fails to take effect. * * * A testator may, however, prevent a testamentary gift from lapsing on account of the death of the donee before his own death, by the expression of such intention, and the designation of some other recipient in case of the intermediate death of the first-named donee. * * * But the use of the words 'her heirs and assigns, forever,' immediately following the name of the devisee or legatee, are not, alone, sufficient to express this intention and to prevent a lapse. These words have a well-settled construction, by which they are held to be merely words of limitation used to describe the nature of the estate given to the beneficiary, and not to express an intention that a lapse should be avoided by

the substitution of the heirs in place of a predeceased devisee or legatee. Where words and terms like these have a well-settled and well-understood meaning, they will not be given a different one unless it appears that the testator employed them in a different sense, and intended to express a different meaning. * * *

"There is no evidence in this case to show that the testator used the words in the residuary clause, 'to have and to hold the same to her, the said Angeline G. Morrill, her heirs and assigns, forever,' for any purpose except to describe the extent of the interest which he intended to give to his wife, and as words of limitation merely. While the fact that the testator gave a legacy of $100 only to his sister, taken in connection with the residuary clause giving the residue of his estate to his wife, indicated that he intended that his sister and her heirs should have no greater portion of his estate than $100 in case his wife should survive him and take under the residuary clause, it does not indicate any such purpose in the event of his wife's dying before him, and the lapse of the residuary bequest. Such a purpose cannot be imputed to him, nor such a meaning given to his will, in the absence of any competent evidence to show that such was his intention. The testamentary gift to Angeline G. Morrill * * * lapsed by reason of her death before that of the testator. As to the property which she would have taken had she survived her husband, he died intestate, and that portion of his estate goes to his heirs at law."

In the probate court, Charles' counsel attempted to show that Frederick used the words "heirs and assigns" as words of substitution by having Charles tell "a story of the Walker family as bearing on the facts surrounding the making of this will." The court properly sustained the objection of Violet's counsel to the admission of such testimony. There is no indication in Frederick's will that he used those words as words of substitution. In the absence of such indication, extrinsic evidence may not be admitted to vary the legal effect of the words used. (*Kinney* v. *Oahu Sugar Co.*, 23 Haw. 747; *Woelk* v. *Luckhardt*, 134 Neb. 55, 277 N.W. 836.)

In *Kinney* v. *Oahu Sugar Co.,* this court stated: "The technical meaning of words used in a will may be subordinated to the real intent of the testator, but the presumption is that technical words were used in their technical sense, and they will be so construed unless the context shows a clear intent to the contrary."

The testamentary language construed in *Woelk* v. *Luckhardt* was as follows: "I give, devise and bequeath, unto my beloved wife Amalia Luckhardt all the property, real and personal, and effects of every name and nature which I now have, may die possessed of, or may be entitled to, her heirs and assigns forever." The trial court admitted evidence of surrounding circumstances tending to show that the testator intended to substitute all of his wife's children, including children by her prior marriage, in case the wife predeceased him. The appellate court held that such action was erroneous and stated: "The rule in this state has been clearly defined. Where words in a will are unambiguous, no evidence, however strong, should be considered to prove an unexpressed intention varying from that which the words taken in their primary sense indicate. * * * The rule is in accordance with the general rule. * * * We conclude that the oral evidence of the surrounding circumstances should not have been admitted by the trial court to determine the testator's intent."

Thus, when Henry predeceased Frederick, the gift of Frederick's residuary estate to Henry, his heirs and assigns, lapsed. There being no other testamentary disposition, the residuary estate is subject to distribution under R.L.H. 1955, § 318-4, as in the case of intestacy. The probate court determined that Violet is entitled to the residuary estate under the statute as Frederick's only child.

Charles complains that the probate court entered the order of distribution without affording him an opportunity to fully contest Violet's identity and legitimacy as Frederick's child. The complaint is not properly before this court. Charles appealed "as devisee and legatee of the Estate of Henry Edwin Walker and beneficiary of the Trust Estate of Henry Edwin Walker." He did not appeal as Frederick's heir. The appellate jurisdiction of this court may only be invoked by an aggrieved party. (*Castle* v. *Irwin,* 25 Haw. 807.) Charles is an aggrieved party insofar as the ruling of the probate court on the construction of the gift to Henry, his heirs and as-

signs, is concerned. He is not an aggrieved party with respect to the determination that Violet is Frederick's child, for such determination in no wise affects his claim to Frederick's residuary estate through Henry.

Affirmed.

*W. Y. Char* (*Clifton H. Tracy* with him on the briefs) for appellant *Charles Dunbar Walker.*

*A. James Wriston, Jr.* (*William B. Stephenson & Clinton R. Ashford* on the brief) for appellee *Violet May Walker Baker.*