## IN THE MATTER OF THE ESTATE OF CARRIE SOARES, DECEASED.

### No. 4683.

FEBRUARY 27, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO, ABE AND LEVINSON, JJ.

*Per Curiam.* Augusta Nobriga Taylor, referred to herein as appellant, is proponent of the will of Carrie Soares, deceased, for probate; and Nolle R. Smith, Jr., referred to herein as appellee, is contestant of the will.

The probate court admitted the will to probate in an order filed on September 7, 1966. Appellee herein appealed from the order to the circuit court for jury trial of the issues of fact raised in the probate court. He filed the notice of appeal on September 16, but did not file his demand for jury trial until September 22. The jury found for appellee, and in accordance therewith, the circuit court entered a judgment setting aside the order of probate. The case is here on appeal from that judgment.

Appellant filed her opening brief in which the sole question raised is the timeliness of the demand for jury trial. The record in this case fails to show that she raised this question in the circuit court at any time.

On the ground that this court will not consider any question not raised and properly preserved in the circuit court, appellee moved to strike the opening brief and dismiss the appeal. The motion is well taken, unless the applicable statutes require that demand for jury trial be made within the time limited for the taking of appeal and that failure to do so is jurdisdictional.

Under R.L.H. 1955, § 317-2, an aggrieved party may appeal from a decision of probate judge at chambers to the circuit court. The taking of such appeal is governed by § 208-3, which requires that notice of appeal be filed within ten days after the entry of the decision from which the appeal is taken. *Estate of Lazarus,* 11 Haw. 379 (1898). Compliance with this requirement is jurisdictional. *Estate of Chinn,* 44 Haw. 613, 359 P.2d 932 (1961). Demand for jury trial is properly made in the circuit court after the appeal is taken there. *Estate of Brenig,* 7 Haw. 640 (1889); *Estate of Walker,* 43 Haw. 304 (1959); *Estate of Chinn, supra.* The procedure to obtain a jury trial is set forth in H.R.C.P., Rule 38(b), as follows: "Where by statute a jury trial is allowed on appeal to the circuit court from the prior determination of any court or administrative body, a trial by jury may be had if demanded in the notice of appeal, and if not demanded in the notice, the appellee may have a trial by jury by filing a demand within 10 days after the case is docketed in the circuit court."

According to the record in this case, notice of appeal was filed within the time limited in R.L.H. 1955, § 208-3, and the demand for jury trial was made within the time limited in H.R.C.P., Rule 38(b).

Appellee's motion is granted and the appeal is dismissed.

*Albert W. Evensen* for contestant-appellant-appellee, for the motion.

*Arthur K. Trask* for proponent-appellee-appellant, contra.