## IN THE MATTER OF THE ESTATE OF JOSEPH LAZARUS, deceased.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 27, 1897.       DECIDED APRIL 15, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

Section 69, Ch. 57, Laws of 1892, as amended by Ch. 109, Laws of 1892, which requires an appellant on appeal from an order of a Circuit Judge at chambers to pay the costs accrued and file a bond for costs further to accrue within ten days after the filing of the order appealed from, applies when such appeal is taken to a Circuit Court as well as when taken to the Supreme Court.

OPINION OF THE COURT BY FREAR, J.

On the 6th of last August Judge Perry of the First Circuit Court sitting in chambers made an order admitting to probate an alleged will of the decedent, Joseph Lazarus, and appointing an executor thereof. Three days later certain contestants noted an appeal from that order to the Circuit Court, but did not pay the costs accrued or file a bond for further costs within ten days after the order appealed from. Afterwards, upon motion of the executor in the Circuit Court, Judge Hitchcock, of the Third and Fourth Circuits, presiding in this case in the First Circuit, both Circuit Judges of this Circuit being disqualified, dismissed the contestants' appeal on the ground that the said costs had not been paid nor the said bond filed within the said time. The case comes here on contestants' exception to this ruling.

The question is whether the statute (Ch. 109, Laws of 1892) requiring such costs to be paid and bond to be filed within ten days, on appeal from an order of a Circuit Judge at chambers, applies to such an appeal when taken to the Circuit Court as well as when taken to the Supreme Court.

Before 1864, no appeal was allowed from an order of a Judge in chambers to a court sitting with a jury. In that year an Act was passed providing for such an appeal in certain probate cases upon certain issues of fact, but without specifying the time within which the appeal should be noted or containing any provision as to costs or bond. By Rule 4 of the Supreme Court, however, the appellant in such cases was required to note his appeal, pay the costs accrued and file a bond in the sum of $50 for costs to accrue, within ten days after the decision appealed from. This Rule was superseded by the Act to Reorganize the Judiciary Department, Ch. 57, Laws of 1892, which provided, among other things, as follows:

"Section 69. Appeals shall be allowed from all decisions, judgments, orders or decrees of Circuit Judges in Chambers, to the Circuit Court, and, if solely on points of law, to the Supreme Court, and of Justices of the Supreme Court at Chambers, to the Supreme Court, whenever the party appealing shall file notice of his appeal within five days, and shall pay the costs accrued, and deposit a sufficient bond in the sum of fifty dollars, conditioned for the payment of the costs further to accrue in case he is defeated in the Appellate Court, or money to the same amount, within ten days after the filing of the decision, judgment, order or decree appealed from."

This section was amended at the same session of the Legislature by Act 109, so to read as follows:

"Section 69. Appeals shall be allowed from all decisions, judgments, orders or decrees of Circuit Judges in Chambers, to the Supreme Court, except in cases in which the appellant is entitled to appeal to a jury, whenever the party appealing shall file notice of his appeal within five days, and shall pay the costs accrued, and deposit a sufficient bond in the sum of fifty

dollars, conditioned for the payment of the costs further to accrue in case he is defeated in the Appellate Court, or money to the same amount, within ten days after the filing of the decision, judgment, order or decree appealed from; provided, however, that in any case in which the law allows an appeal from the decision, judgment, order or decree of a Judge in Chambers to be tried before a jury, the Judge whose decision, judgment, order or decree is appealed from shall not preside at the trial of such appeal before a jury, but such appeal shall be in order for hearing at the next regular term of the Circuit Court of the Circuit in which the cause was tried in Chambers, and the Circuit Judge of some other Circuit, who shall be thereto authorized by the written request of the Chief Justice, or other Justice of the Supreme Court, shall preside at the trial of such appeal; but further provided, that in case such appeal shall be taken from the decision, judgment, order or decree of one of the Judges of the First Circuit in Chambers, it shall be in order for hearing at the next regular term of such Circuit, but the Judge whose decision, judgment, order or decree is appealed from shall not preside at the trial of such appeal."

Section 69 as originally passed clearly made the provisions as to costs and bonds applicable to appeals to the Circuit Courts as well as to appeals to the Supreme Court. Was this changed in the Section as amended?

First, what was the intention of the Legislature? (1) On general principles, and considering the whole history of legislation respecting appeals in this country, it is not likely that the Legislature would intend to allow an appeal without any provision as to costs or the time within which the appeal should be taken or perfected. (2) In the original Section passed at the same session, the Legislature showed beyond doubt an intention that the provisions as to costs and bond should apply to appeals to the Circuit Courts. (3) There is nothing in the amended Section showing an intention to change the law in this respect. On the contrary, the amendment may be fully accounted for upon other intentions, and more particularly upon the intention

to allow general appeals, not merely appeals on points of law, in most chamber cases to the Supreme Court. The original Section, as shown by the following Section (70) and other provisions, evidently had not expressed the intention of the Legislature as to appeals to the Supreme Court. (4) In the amended Section the words "Appellate Court" are used as in the original Section and as in the Supreme Court Rule which preceded it,—which words were evidently used to include both the Circuit and Supreme Courts. (5) The proviso of the amended Section providing for the procedure in case the appeal is taken to the Circuit Court indicates that the Legislature thought the first part of the Section applied to such appeals. (6) It is argued that a fifty dollar bond would be sufficient on an appeal to the Supreme Court but that a hundred dollar bond ought to be required on an appeal to a jury as is required on such appeals from District Magistrates under the provisions of the preceding Section (68) and hence that the Legislature could not have intended the amended Section (69) to apply to appeals to a jury. But there is no provision for a hundred dollar bond on appeals of this kind nor any indication of a belief that a bond of that amount should be required. On the contrary, under both the Supreme Court Rule referred to and the original Section (69) the amount of the bond on these appeals was fixed at fifty dollars.

It appearing clearly to have been the intention of the Legislature that the provisions in the amended Section as to costs and bond should apply to appeals to the Circuit Courts, the next question is, are the words of the Section capable of being so construed? For, if possible, the intention of the Legislature should be given effect.

If we strike out the words "to the Supreme Court, except in cases in which the appellant is entitled to appeal to a jury" in the first part of the amended Section, we have remaining a complete section providing for the procedure on taking appeals from orders and decrees of Judges at chambers. There would then be merely a question to which court or courts the appeals should be taken. Other Acts (the Act of 1864 in probate cases)

already provided in what cases the appeals might be taken to a jury. All that was necessary therefore in this Section was to provide that in other cases the appeals should be taken to the Supreme Court. Hence the insertion of the words "to the Supreme Court, except in cases in which the appellant is entitled to appeal to a jury." These words are set off by commas. Commas are often used as in the nature of parentheses where the parenthetical character of the included matter is not so marked as to require parentheses. Substitute parentheses for the commas mentioned and the meaning is clear. This would show the meaning to be substantially the same as it would be if we should insert the word "namely," followed by a comma, or the words "which appeals shall be taken" just before the words "to the Supreme Court." In other words if we take notice of the comma after "Chambers" and regard the two following clauses as somewhat parenthetical, the Section may easily be construed in accordance with the manifest intention above referred to. In such case the clause "except in cases in which the appellant is entitled to appeal to a jury" modifies the clause "to the Supreme Court" and not the earlier clause beginning with "Appeals." It would naturally modify the clause nearest it, rather than a more remote clause. See *King v. Fernandez*, 7 Haw. 505. If the clause beginning with "except" preceded the clause beginning with "Appeals," the meaning might be as contestants contend. The exception of cases in which appeals may be taken to a jury is an exception, not to cases in which appeals are allowed at all or to cases in which they are allowed from orders of Judges at chambers or to cases in which they are allowed in the manner prescribed, but to cases of these kinds in which they are allowed to the Supreme Court.

The intention of the Legislature being clear as above pointed out and the language of the statute, though somewhat ambiguous, being capable of a construction in accordance with that intention, we must hold that the provisions of the amended Section (69) relating to costs and bond apply to an appeal from an order of a Circuit Judge at chambers when taken to the

Circuit Court sitting with a jury as well as when taken to the Supreme Court. We may add that Circuit Judge Perry came to the same conclusion in a decision filed in this case upon a motion to direct the executor to pay moneys into court pending the alleged appeal from the order admitting the will to probate.

The exception to the order dismissing the appeal is overruled.

*Kinney & Ballou* and *W. A. Henshall* for contestants.

*C. Brown* and *J. T. De Bolt* for the executor.

### DISSENTING OPINION OF JUDD, C.J.

Following are the facts of this case:

Joseph Lazarus, deceased, left a will which was duly admitted to probate by Judge Perry of the Circuit Court, First Circuit, in chambers, on the 6th of August, 1897. Some of the heirs at law appeared as contestants, but put in no evidence, and, on the order admitting the will being made, appealed therefrom to the Circuit Court of that Circuit. Their notice of appeal was filed on the 9th of August. The accrued costs were not paid nor the bond for future costs filed within ten days after the order of probate.

When the appeal was called at the next term of the Circuit Court—the special term of December, 1897—a motion was made to dismiss the appeal on the ground that the costs were not paid nor the bond for costs filed within ten days after the order in chambers appealed from. The notice was made before Hon. E. G. Hitchcock, Circuit Judge of the Third and Fourth Circuits, presiding in this case in the Circuit Court of the First Circuit, on account of the disqualification of both the Circuit Judges of the First Circuit. Judge Hitchcock granted the motion and dismissed the appeal, and counsel for the contestants took exceptions therefrom to this court. The contestants' appeal was to a jury under the Act of 1864 which allows an appeal from a probate court on a certain state of facts, to wit, that the value of the estate exceeds $500; that the appellant claims an interest in the property by virtue of a will or by the statutes

of descent, and on taking his appeal to the appellate court, if a matter of fact be in issue his motion to have the issue of fact tried by a jury shall not be denied.

Costs were paid and a bond for $100 was filed by the appellant on the 30th of August, which was more than ten days after the date of the order appealed from, but before the opening of the next term of the Circuit Court.

It is contended by the appellants that there is no statute in existence which requires appeal from a Circuit Judge in chambers to a jury at term to be made by noting the appeal in five days and perfecting it by payment of costs accrued and filing a bond for future costs within ten days after the filing of the order appealed from.

The present statute regulating appeals from Circuit Judges at chambers is Chap. 109 of the Laws of 1892, amendatory of Section 69 of the Act to Reorganize the Judiciary. It reads: "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the Supreme Court, except in cases in which the appellant is entitled to appeal to a jury, whenever the party appealing shall file notice of his appeal within five days, and shall pay the costs accrued and deposit a sufficient bond in the sum of fifty dollars, conditioned for the payment of the costs further to accrue in case he is defeated in the appellate court, or money to the same amont, within ten days after the filing of the decision, judgment, order or decree appealed from; provided, however, that in any case in which the law allows an appeal from the decision, judgment, order or decree of a judge in chambers to be tried before a jury, the judge whose decision, judgment, order or decree is appealed from shall not preside at the trial of such appeal before a jury, but such appeal shall be in order for hearing at the next regular term of the Circuit Court of the Circuit in which the cause was tried in chambers, and the Circuit Judge of some other Circuit, who shall be thereto authorized by the written request of the Chief Justice, or other Justice of the Supreme Court, shall pre-

side at the trial of such appeal; but further provided, that in case such appeal shall be taken from the decision, judgment, order or decree of one of the judges of the First Circuit in chambers, it shall be in order for hearing at the next regular term of such circuit, but the Judge whose decision, judgment, order or decree is appealed from shall not preside at the trial of such appeal."

It will be seen that only in the first part of this statute which provides for appeals from decisions, judgments, orders or decrees of Circuit Judges in chambers to the Supreme Court is any condition made as to time of noting an appeal, paying costs and filing a bond of fifty dollars for costs to accrue, if defeated. The rest of the section provides for appeals from decisions, judgments, orders or decrees of Circuit Judges in chambers to a jury of the Circuit Court in term. It also provides that a Circuit Judge other than the one whose decision, &c., is appealed from shall preside at the trial of such appeal. But it does not provide for the time and manner in which such appeal shall be made.

Appeals from a District Magistrate to the Circuit Court at term with a jury, require a bond of one hundred dollars and by analogy would require the same amount of security when the appeal to a jury at term is from a Circuit Judge at chambers. Whether a rule of court would supplement this omission we cannot consider, for there is no such rule existing. The general understanding seems to have been that payment of costs and filing a bond for $100 was required in all appeals to a jury.

Finding no authority for requiring that appeals from a Circuit Judge at chambers in probate to a jury of the Circuit Court at term shall be made by noting the appeal in five days and paying costs and filing a bond within ten days after the decision, &c., appealed from, the appellants' exceptions should be sustained and the appeal allowed and the case remanded for trial in the Circuit Court, First Circuit.