ARTHUR M. HERITAGE *v.* KATHERINE C. HERITAGE.

## No. 1778.

ARGUED SEPTEMBER 16, 1927.     DECIDED SEPTEMBER 27, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a motion to dismiss an appeal. Arthur Heritage brought suit against his wife, Katherine C. Heritage, for divorce. The circuit judge granted the prayer of the libel and entered a decree dissolving the bonds of matrimony. The decree also provides that the libelant pay the costs of the action. The libelee, desiring to appeal, took all the steps necessary thereto except the payment of the costs that had accrued in the lower court. These costs she did not pay. For this reason the libelant moves to dismiss the appeal. Section 2509, R. L. 1925, is as follows: "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court, except in cases in which the appellant is entitled to appeal to a jury, whenever the party appealing shall file notice of his appeal within five days, and shall pay the costs accrued, and deposit a sufficient bond in the sum of fifty dollars, conditioned for

the payment of the costs further to accrue in case he is defeated in the appellate court, or money to the same amount, within ten days after the filing of the decision, judgment, order or decree appealed from * * *."

Under the terms of the statute the payment of accrued costs by an appellant is a condition precedent to the allowance of the appeal and unless this condition is performed or its performance waived by the opposing party or otherwise legally excused the appeal is not perfected. There is nothing in the record to show that the failure to pay accrued costs was waived by the libelant. It is claimed, however, by the appellant (libelee) that it was legally excused. This claim is predicated on that portion of the decree which requires the libelant (appellee) to pay the costs of the action and on the fact (which fact was proven at the hearing on the motion) that the libelant (appellee), in compliance with a rule of the circuit court, deposited with the clerk of that court, when the libel was filed, the sum of $9, which is the exact amount of the costs that had accrued at the time notice of appeal was given. The contention is made that under these circumstances the money thus deposited should have been applied to the payment of the costs and the appellant was therefore absolved from the performance of the condition imposed upon her by the statute. This contention is not sound. The appeal was taken from the entire decree. If it was properly taken, as contended by appellant, the effect was to bring the entire decree into this court and to suspend all its provisions until their final determination. This includes the provision taxing the libelant with the costs as well as the provision dissolving the bonds of matrimony. The deposit made by the libelant at the time the libel was filed was not a prepayment of costs but in the nature of security for costs. Until a final decree fixing his liability for the costs the money deposited remained his and the clerk had no

authority to apply it to the payment of the costs that had accrued. The finality of the decree was prevented by the appeal.

Agreement with the appellant's contention would lead to the novel and illogical conclusion that when a decree is appealed from in its entirety a part of it may, nevertheless, remain in the court from which the appeal is taken and may there be enforced. This, of course, is not true. An appeal from an entire decree, when perfected, suspends all its provisions and leaves it ineffective. It makes no difference that some of its provisions, because not objected to by the appellee, would for that reason be affirmed by the appellate court. Until such affirmance, the entire decree remains in abeyance and none of its provisions is enforceable. The fact that the provision of the decree in the instant case relative to the payment of costs would in all probability be affirmed and the appellee be required ultimately to pay such costs is certainly not a legal substitute for nor the legal equivalent of the payment of accrued costs required of the appellant by the statute.

The motion is sustained and the appeal is ordered dismissed.

*H. E. Stafford* for the motion.

*I. M. Stainback* contra.