The facts and the questions before us are set forth in the trial judge's reservation, which is as follows:
"In the above entitled matter the applicants, Lum Yip Kee and Wong Nin, filed application in the land court to register their title as tenants in common to certain lands in their application described, containing an area of approximately fourteen (14) acres. After the issuance and service of summons herein, Kalei Kalimapehu, Charles Long Kalimapehu, Rose K. Young and Hattie Chun Fook, filed their joint answer claiming title as tenants in common in 21,792 square feet of land, a portion of the land described in the application. Kahala *Page 356 
Kaiwi Puaiole filed her answer claiming title to all of the lands described in the application.
"After trial had on, to-wit, the 24th day of August, A.D. 1931, the judge of the land court filed his decision in writing, finding against the claims of all of the contestants and ordering a decree entered confirming the title of the applicants as alleged.
"Thereafter, on the 27th day of August, A.D. 1931, the contestant, Kahala Kaiwi Puaiole, filed herein her notice of appeal and appeal from the decision entered on the 24th day of August, 1931, to the circuit court of the first judicial circuit, of the Territory of Hawaii, with a jury, and on said 27th day of August, 1931, paid to the registrar of the land court as and for the costs accrued the sum of fifteen dollars ($15.00) and filed a bond in the penal sum of one hundred dollars ($100.00) for the payment of costs which may be adjudged against her in the event she is unsuccessful on her said appeal.
"On the same day, to-wit, the 27th day of August, A.D. 1931, the contestants, Kalei Kalimapehu, Charles Long Kalimapehu and Rose K. Young, filed their notice of appeal and appeal from said decision, and paid to the registrar of the land court the sum of fifteen dollars ($15.00) as and for the costs accrued and filed their bond in the penal sum of one hundred dollars ($100.00) for the payment of costs which may be adjudged against them in the event they are unsuccessful on their said appeal. Hattie Chun Fook, who claimed jointly with the above contestants, did not join in said appeal; that thereafter, on the 16th day of September, 1931, both the contestants, Kalei Kalimapehu, Charles Long Kalimapehu, and Rose K. Young, and the contestant, Kahala Kaiwi Puaiole, filed their motions for the framing of issues to be tried by the jury; that on the 17th day of September, 1931, the applicants filed their objections to the framing *Page 357 
of the issues as tendered by the said contestants on the ground, among other grounds, that the contestants had not perfected an appeal from the decision of the land court in that they had failed to pay the costs accrued as required by section 3203 of the Revised Laws of Hawaii 1925, and on the same day the applicants also filed their motion to dismiss each of said appeals of the contestants on the ground that the contestants had not paid the costs accrued.
"Thereafter, on the 2nd day of October, A.D. 1931, the applicants filed their motion for entry of decree, notwithstanding the attempted appeal of the contestants as hereinabove set forth, on the ground that the contestants had not perfected an appeal from the said decision, although more than ten (10) days had elapsed since the filing of said decision, in that they had failed to pay all of the costs accrued as required by section 3203, Revised Laws of Hawaii 1925. The motions to dismiss the appeals and the motion for the entry of decree filed by the applicants are based upon the records and files herein and upon the affidavit of P.H. Mulholland, registrar of said court, and further supported by the affidavit of S.B. Kemp, attorney for the applicants, and opposed by counter-affidavits of W.Y. Char and R.K. Murakami and P.H. Mulholland; that said issues have not been framed but time for the framing of issues has been extended from time to time by the judge of the land court pending a disposition of the said motions to dismiss and for entry of decree.
"From the record and the affidavits herein I find in addition to the facts above set forth, that on the 27th day of August, 1931, the Honorable A.M. Cristy, second judge of the land court of the Territory of Hawaii, upon the application of W.Y. Char, esquire, attorney for Kahala Kaiwi Puaiole, one of the contestants herein, *Page 358 
made an order which is entered in the minutes of this court, in words and figures as follows:
`Land Court, Tuesday, August 27, 1931, 2:04 P.M.
 Hon. A.M. Cristy, Judge, P.H. Mulholland, Registrar.
Application 953 amended.
 W.Y. Char, for Kahala Kaiwi Puaiole, and on behalf of R.K. Murakami for Kalei Kalimapehu, Charles Long Kalimapehu and Rose K. Young, contestants.
Hearing on Payment of Accrued Costs.
At the request of Mr. Char for the determination of the amount of accrued cost in the above entitled matter for the purpose of perfecting contestants' appeal, the court made the following ruling: "In connection with the appeal of the contestants the court finds that the accrued costs for the purpose of this appeal included the costs of hearing in the total sum of $15.00 and excluding all prior costs; said sum being accrued costs as to each contestant."
 By the Court, P.H. Mulholland, Registrar.
Approved:
A.M. Cristy, Judge of the Land Court.'
"I further find that neither the applicants nor their attorneys had any notice or knowledge of the fact that said application was being presented to the said judge of the land court and were not present at the hearing upon said application. I further find that the total charges as shown by the records in the office of the registrar of the land court upon this application as of the 27th day of August, 1931, are correctly set forth in the affidavit of P.H. Mulholland attached to the motion for entry of *Page 359 
decree. And the court having a well founded doubt as to what ruling should be made upon the motions to dismiss said appeals and the motion for entry of decree, and no ruling having been made upon the same, the court of its own motion hereby reserves to the supreme court of the Territory of Hawaii for its consideration and decision the following questions of law:
"1 — Was the payment of the costs of hearing, excluding all prior costs, as directed by the ex parte order of the judge of the land court, a compliance with the provisions of section 3203, Revised Laws of Hawaii 1925, requiring the payment of the cost accrued in perfecting an appeal?
"2 — Should the motion to dismiss said appeals be granted?
"3 — Should the motion for entry of decree be granted?"
The affidavit of P.H. Mulholland, registrar of the land court, referred to in the above quoted statement of facts, sets forth in part that "in the matter of the application of Lum Yip Kee and Wong Nin to register and confirm their title to certain lands situated at Puulena, Manoa Valley, Honolulu, T.H., being Application No. 953 (Amended) the charges as shown by the records in his office at the present time amount to $432.92" (then follows an itemized statement of said charges); "that all of said costs except the cost of two publications of summons, and a witness fee of $2.00 to Geo. C. Kopa, when collected, become government realizations; that the items contained in said record which do not become government realizations total $280.63, and the items which do, when collected, become government realizations, total $152.29." The items of costs paid by the contestants as set forth in the foregoing statement of the trial judge are thus recited in the affidavit of W.Y. Char to which said *Page 360 
statement refers, namely:
 Witness fees, Geo. C. Kopa, $ 2.00 Swearing (Geo. C. Kopa), .10 Swearing 19 witnesses, 1.90 44 exhibits, 11.00 ______ Total, $15.00
Section 3203, R.L. 1925, providing procedure upon appeal from the decision of the judge of the land court to the circuit court sitting with a jury, is in part as follows: "Any party aggrieved by the decision of the court upon the facts involved in any cause, who desires a jury trial, may appeal to the circuit court sitting with a jury, in the first judicial circuit, or in the circuit where the land or a portion thereof lies, upon filing notice of his appeal within five days and paying the costs accrued and depositing a bond in the sum of $100.00 conditioned for the payment of costs further to accrue in case he is defeated in the circuit court, or money to the same amount, within ten days after the rendition of the decision appealed from." The foregoing section, which is applicable to land court appeals, is similar in its terms to section 2509 which sets forth the requirements for appeals to the supreme court from decisions, judgments, orders or decrees of the circuit court in chambers. Section 2509 provides as follows: "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court, except in the cases in which the appellant is entitled to appeal to a jury, whenever the party appealing shall file notice of his appeal within five days, and shall pay the costs accrued, and deposit a sufficient bond in the sum of fifty dollars, conditioned for the payment of the costs further to accrue in case he is defeated in the appellate court, or money to the same amount, within ten days *Page 361 
after the filing of the decision, judgment, order or decree appealed from." Section 2509 above quoted has been construed by this court in Christian v. Waialua Co., 31 Haw. 242, as set forth in the syllabus of that case as follows: "The costs required by section 2509, R.L. 1925, to be paid in order to perfect an appeal to this court are those which are authorized by statute to be charged by courts for the filing of papers, holding of hearings, etc., by way of partial compensation for the judicial service rendered by courts to litigants and which when finally collected become government realizations." The decision last above cited is determinative of the issues in the case at bar. Section 3300, R.L. 1925, contains a schedule of fees payable under the Land Registration Act. The items going to make the $15 paid by the contestants as set forth above do not form a complete list of items chargeable under the last named statutory schedule.
The costs paid in the instant case falling far short of the accrued costs required to be paid under sections 3300 and 3203, question number 1 is answered in the negative and question number 2 in the affirmative. Whether or not a decree should be entered in the land court may depend upon other matters not disclosed in the reservation. For that reason, question number 3 is returned unanswered.