IN THE MATTER OF THE ESTATE OF LEE CHUCK,
DECEASED.

No 2180.

ARGUED OCTOBER 10, 1934.    DECIDED NOVEMBER 2, 1934.

COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The appellant, Lee Sau Chong, one of the administra-
tors of the estate of Lee Chuck, deceased, pursuant to an
order of the circuit court at chambers in probate filed
therein what purported to be his final account. Excep-
tions to the account were interposed by certain of the heirs
of deceased. The circuit judge referred the accounts to

a special master with usual power to examine the same and report his findings. The master's report having been filed, hearing thereon was had by the court upon the exceptions thereto interposed by the administrator. At the hearing there was presented to the circuit judge a voluminous mass of books of account of a merchandise firm known as Ah Chew Brothers, the business of which was formerly owned by deceased and which subsequently to his death was carried on by the administrator, Lee Sau Chong. These books were kept in the Chinese language and it became necessary to have the same audited and translated from the Chinese to the English language so that the court might intelligently act upon the exceptions to the report of the master. The court appointed the Chinese official interpreter K. C. Tong to make up a complete statement from the books of account for the year 1925, it having been agreed between the parties that the figures for that year would be accepted as reflecting the true condition of the account covering the other years involved. Upon the completion of his duties the auditor submitted his report and was awarded for his services the sum of $700, which sum was included in the decree and taxed as costs to be paid by the appellant herein. The appellant, as administrator, was also surcharged with a large sum which he was required to forthwith pay into court for the benefit of the estate. It appears that by direction of the judge the auditor was paid the said sum of $700 out of funds provided by the government for the expenses of the circuit court of the first judicial circuit. The court allowed a fee of $1500 to the master for his services but so far as the record indicates no payment of this fee has been made by either the court or the parties. From the decree the administrator appealed to this court.

Pursuing his intention to appeal counsel for appellant inquired of the clerk of the court below the amount of the

222

costs accrued which were required by statute to be paid by him to perfect his appeal and was advised that the aggregate of these items was $18. This amount he paid, taking the clerk's receipt therefor. Appellee now moves the dismissal of the appeal on the ground that the appellant did not pay the costs accrued in the circuit court. Specifically the basis of the motion is the nonpayment by appellant of the sum of $700, allowed and paid out of court funds by direct order of the judge to K. C. Tong, the auditor. This presents for determination the meaning of the phrase "costs accrued" appearing in the statute. Section 2509, R. L. 1925, reads as follows: "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court, except in cases iń which the appellant is entitled to appeal to a jury, whenever the party appealing shall file notice of his appeal within five days, and shall pay the costs accrued, and deposit a sufficient bond in the sum of fifty dollars, conditioned for the payment of the costs further to accrue in case he is defeated in the appellate court, or money to the same amount, within ten days after the filing of the decision, judgment, order or decree appealed from." It is high time that the uncertainty which has for years troubled and perplexed appealing litigants and their counsel be removed and the question definitely set at rest. The subject has on prior occasions had the attention of this court. In *Lufkin* v. *Grand Hotel Co.,* 24 Haw. 744, this court held that such items as fees of commissioners, attorneys' fees and expenses of receivers are not items properly classed as costs of court and therefore do not fall within the statutory provision requiring the payment of accrued costs to perfect an appeal. Again, in *Christian* v. *Waialua Co.,* 31 Haw. 242, this court decided that the costs required by section 2509, R. L. 1925, to be paid in order to perfect an appeal to this court are those which are

authorized by statute to be charged by courts for the filing of papers, holding of hearings, etc., by way of partial compensation for the judicial service rendered by courts to litigants and which, when finally collected, become government realizations as distinguished from fees paid commissioners to take depositions of witnesses and included in petitioner's verified bill of costs allowed by the circuit judge.

There is no doubt of the inherent power of a circuit judge sitting in equity or in probate to call to his aid special masters, auditors, examiners or even translators for the purpose of assisting the court, in other words, the inherent power to provide himself with the appropriate instruments required for the performance of his duties. Even in civil jury cases this power exists and a circuit court may designate a person to aid it in the performance of specific judicial duties as they arise in the progress of the cause, to clarify issues and make tentative findings when occasion arises as freely as reference to special masters is made in equity or in probate. Owing to the difference in the character of the proceedings and of the questions ordinarily involved the occasion for seeking such aid as is afforded to a judge by special masters, auditors or examiners arises less frequently at law than in equity.

An interesting and instructive discussion of the question is found in *Ex parte Peterson,* 253 U. S. 300. In that case the Federal Supreme Court sustained the authority of the judge of the United States district court in a civil jury case to appoint an auditor to investigate and report on an involved and complicated account and the court further proceeded to indicate that the acceptance of the report of the auditor as evidence at a subsequent hearing before a jury would not abridge in any way the constitutional rights of the parties.

The authority reposed in the circuit judge to call to

224

his aid an auditor in the instant case is recognized but the authority to reimburse him for his services out of public funds provided for the expense of the court cannot be so readily conceded. If the court is clothed with the latter authority and the amount paid to the auditor out of court funds automatically became "costs accrued" within the meaning of that term as used in section 2509, then by the same token the court was equally authorized to pay out of court funds the fee of the master who, under direction of the court, examined and reported upon the account herein and this expenditure would also become costs which appellant would be compelled to pay to perfect his appeal. The master and the auditor stood on a plane of equality before the court. Each was the agent of the court and as such each performed services tending to assist the court in the clarification of the issues involved. If circuit judges are empowered to disburse public funds in litigation between private parties for the services of masters, auditors, examiners, etc., it then follows that the entire appropriation provided by the government for court expenses might be exhausted in a single proceeding and if the losing litigant happened to be impecunious the whole expenditure might be lost to the government. It also follows that the costs thus accrued might reach such unusual proportions as would in effect deny the rights of appeal to a litigant of small or even moderate means. This we cannot conceive to be the purpose of the law. The right of appeal should be accorded to the poor as well as to the rich. We agree with that part of the decision in the *Christian* case, *supra,* which holds that the provision requiring the payment of costs accrued by an appealing litigant is to partially compensate the government for judicial services rendered by courts to litigants and which, when received, become government realizations. But we are unable to agree with the argument of counsel for mov-

ant to the effect that a circuit judge may disburse public funds for the services of masters, auditors, etc., and by decree or otherwise convert these expenditures into costs accrued which a party desiring to appeal is required to pay in order to be heard in this court. Any such extraordinary and unusual expenses may in proper cases be taxed as costs which will follow the judgment to be paid at the termination of the proceeding. This subject was touched upon by the Federal Supreme Court in *Ex parte Peterson, supra,* the court saying: "As Congress has made no provision for paying from public funds either the fees of auditors or the expense of the stenographer, the power to make the appointment without consent of the parties is practically dependent upon the power to tax the expense as costs," following which the court proceeded to point out that costs incidental to the audit should be taxed to the losing party. And in the *Christian* case, *supra,* the chief justice in his opinion said: "I do not recall any instance within my experience of an appropriation made by the legislature of Hawaii for the payment of fees of commissioners to take testimony. I feel safe in saying that there has been none and that the appropriations for the incidental expenses of the courts have not been understood to include such payments." We likewise are unaware of any appropriation made either by the legislature, the city and county or other governmental authority providing circuit courts with funds out of which to pay fees and expenses of auditors or translators to aid the court in the performance of its duties. It is our opinion that the term "costs accrued" as it appears in section 2509 means fees for filing petitions, issuing processes, administering oaths, entering up judgments, etc., specified in chapter 147, R. L. 1925, and usually referred to as "clerk's costs." But it does not include attorneys' fees, fees paid to masters, auditors, receivers or other like ex-

penditures and it is immaterial by whom such fees may be paid.

From the foregoing it follows that the motion to dismiss should be, and it therefore is, denied.

*A. G. M. Robertson* for the motion.

*B. S. Ulrich* contra.

PARSONS, J.: I concur in the result.