■ In the Matter of NEW YORK COFFEE & SUGAR EXCHANGE, INC., Appellant, against TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.— Order unanimously reversed on the facts, with costs to petitioner-appellant and the petitions granted to the extent of reducing the assessments for the years 1952–53, 1953–54, 1954–55, 1955–56 and 1956–57 and fixing the assessments as follows:

| Lot | Land | Building | Total |
| --- | --- | --- | --- |
| 5 | $335,000 | $67,500 | $402,500 |
| 8 | 130,000 | 15,000 | 145,000 |
| 10 | 110,000 | 15,000 | 125,000 |

There was some testimony of an upward trend in land values commencing in 1955 but such testimony was insubstantial and was not supported by the appraisals of either the petitioner's or respondent's expert. Nor, on the present record, was a change in value for the last two tax years under review reflected in the assessments. In arriving at our decision, we did not deem it necessary to take into consideration the contract of sale, which the court below refused to receive in evidence. Settle order. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ ABRAHAM HIRSCHFELD, Respondent, v. BORCHARD AFFILIATIONS, INC., Appellant. — Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the motion to dismiss the second cause of action is granted, with $10 costs, with leave to the plaintiff to replead within 10 days after the service of a copy of the order, with notice of entry. The defendant allegedly defaulted in conveying title to real property in accordance with a contract to do so. In the first cause of action, the plaintiff seeks recovery of the deposit paid under the agreement and the expenses for title examination. By the second cause, the plaintiff claims damages for loss of his bargain and in excess of those sought in the first. The second cause of action is insufficient. The allegations upon which the plaintiff relies fall far short of the required averments of bad faith or willful disregard of a contractual obligation essential to sustain a pleading in an action of this kind (see *Mokar Properties Corp.* v. *Hall,* 6 A D 2d 536; *Bulkley* v. *Rouken Glen,* 222 App. Div. 570, 574, affd. 248 N. Y. 647). Concur — Botein, P. J., Breitel, M. M. Frank, Stevens and Bastow, JJ.

■ In the Matter of ACADEMY HOUSING CORPORATION. CHARLES T. PARODI et al., Appellants; JOSEPH P. McMURRAY, as State Commissioner of Housing, et al., Respondents.— Order of the State Commissioner of Housing unanimously affirmed on the law and on the facts, in appeal pursuant to the provisions of section 184 of the Public Housing Law, without costs to any of the parties. While the notice of appeal and the proceedings generally were improperly entitled and subscribed, the defect is not of moment, and pursuant to the discretion vested in the court by section 105 of the Civil Practice Act, it is disregarded. Concur — Breitel, J. P., M. M. Frank, Valente and Stevens, JJ.